UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY POPA, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>HARRIET CARTER GIFTS, INC, a Pennsylvania corporation, and NAVISTONE, INC., a Delaware corporation.<br><br>Defendants. | CIVIL ACTION NO.   2:19-cv-450<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332, 1446(a) and 1453**<br><br>(Court of Common Pleas of Lawrence County, Pennsylvania Case No. 10248-19) |

The Defendants, NaviStone, Inc. and Harriet Carter Gifts, Inc. ("Defendants"), by their undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1446(a), 1453, and Fed. R. Civ. P. 81, respectfully file this Notice of Removal giving notice that they are removing this civil action to the United States District Court for the Western District of Pennsylvania.[1] In support of this Notice of Removal, Defendant states as follows:

**Procedural Allegations**

1. On or about March 8, 2019, Plaintiff Ashley Popa filed a class-action complaint in the Court of Common Pleas of Lawrence County, Pennsylvania, entitled *Ashley Popa, individually and on behalf of all others similarly situated v. Harriet Carter Gifts, Inc., a Pennsylvania Corporation, and NaviStone, Inc., a Delaware Corporation*, designated as Case No. 10248-19.

---

[1] Removing Defendants preserve all Rule 12(h) objections. *See* Wright & Arthur R. Miller, Federal Practice and Procedure § 1395 (3rd ed. 2004) (quoting *Greenberg v. Giannini*, 140 F. 2d 550, 553 (2d Cir. 1944)) ("When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver'").

2. On March 21, 2019, Defendant NaviStone, Inc. was served with a Summons and Complaint by certified mail. On March 26, 2019, Defendant Harriet Carter Gifts, Inc. was personally served with a Summons and Complaint. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), within thirty (30) days from the date on which the summons was served.

3. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto and incorporated by reference as **Exhibit A**. A copy of the state court docket for this matter is attached hereto as **Exhibit B, and copies of the Affidavit of Service and Sheriff's Return are attached hereto as Exhibit C**. No other pleadings or orders have been filed.

4. Plaintiffs' complaint asserts the following causes of action: Count I – "Violation of the Pennsylvania Wiretap Act, 18 Pa. Cons. Stat. § 5701, et. Seq."; Count II – "Invasion of Privacy – Intrusion Upon Seclusion"; Complaint, ¶¶ 48–69.

5. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). Plaintiff is a citizen of Pennsylvania, and Plaintiff seeks to represent a putative class consisting solely of Pennsylvania residents. Complaint, ¶ 2. Defendant NaviStone is a citizen of Delaware. Further, the complaint places more than $5 million in controversy. Plaintiff seeks class certification of a class consisting of all individuals who accessed the Harriet Carter Gifts website and had their communications intercepted by NaviStone. Complaint ¶ 35. Plaintiff alleges that the interception of communications occurred the moment a user began visiting the website by typing the www.harrietcarter.com URL into the user's web browser. Complaint ¶ 12. Plaintiff has brought claims seeking at least statutory damages of $1,000 per class member. Complaint ¶ 51. At least than 5,001 visits to Defendant Harriet Carter's website by unique visitors from Pennsylvania occurred during the time in which plaintiffs allege NaviStone was intercepting

user communications. Therefore, the amount of alleged statutory damages alone exceeds $5,000,000.

6. This is not a local controversy requiring remand under 28 U.S.C. § 1332(d)(4) because during the three years prior to the filing of this lawsuit, at least six other class actions asserting the same or similar factual allegations against Defendant NaviStone have been filed in courts around the country. *See Revitch v. New Moosejaw, LLC and NaviStone, Inc.*, No. 18-cv-6827-VC (N.D. Cal. filed Nov. 9, 2018); *Good v. Casper Sleep, Inc. and NaviStone, Inc.*, No. 18-cv-02847-KJM-KJN (C.D. Cal. filed Oct. 24, 2018); *Allen v. Quicken Loans, Inc. and NaviStone, Inc.*, No. 17-cv-12352-ES-MAH (D. N.J. filed Dec. 1, 2017); *Cohen v. Charles Tyrwhitt, Inc. and NaviStone, Inc.*, No 17-cv-09839-UA (S.D.N.Y. filed Nov. 30, 2017); *Cohen v. New Moosejaw, LLC and NaviStone, Inc.*, No. 17-cv-093910-UA (S.D.N.Y. filed Nov. 30, 2017) *Cohen v. Casper Sleep, Inc. and NaviStone, Inc.*, 17-cv-09325-WHP (S.D.N.Y. filed Nov. 28, 2017).

7. Moreover, the Pennsylvania defendant, Harriet Carter Gifts, Inc., is not a defendant "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class" under § 1332(d)(4)(A)(i)(II)(bb). The only specific allegation directed at Harriet Carter Gifts, Inc. is that it installed software provided by NaviStone on its website. The allegations relating to interception of confidential communications and invasion of privacy are all directed at NaviStone, the non-citizen defendant.

8. This is likewise not a controversy where discretionary remand would be warranted under 28 U.S.C. § 1332(d)(3) because more than two thirds of the class as alleged consists of Pennsylvania citizens and because one of the primary defendants, NaviStone, is not a citizen of the State of Pennsylvania. The claims involve website functionality which is of national and interstate interest, the choice to limit the putative class to Pennsylvania residents and the choice to

sue Harriet Carter, Inc., which has sold all its assets and intellectual property to a non-Pennsylvania corporation and no longer carries on any business operations, suggests that the class action has been pleaded to avoid federal jurisdiction, and as noted above, numerous class actions alleging similar facts against Defendant NaviStone have been filed around the country in the past three years.

9. Both defendants join in this notice of removal and consent to the same.

### Venue, Notice and Filings Fees

10. The District embracing the place where such an action is pending is the United States District Court for the Western District of Pennsylvania, Pittsburgh Division. 28 U.S.C. § 1441(a).

11. Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of the removal to Plaintiffs in this action and will be filing a copy of this Notice of Removal in the Court of Common Pleas of Lawrence County, Pennsylvania. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit C**.

12. The filing fee for this removal will be electronically processed through the Court's pay.gov system.

WHEREFORE, for the foregoing reasons, Defendants NaviStone, Inc. and Harriet Carter, Inc. respectfully request that the Court remove this action, pending in the Court of Common Pleas for Lawrence County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania.

Respectfully submitted, this 18th day of April, 2019.

/s/ Rachel R. Hadrick
Devin J. Chwastyk (*pro hac vice* application pending)
I.D. No. 91852
Rachel R. Hadrick
I.D. No. 316383
McNees Wallace & Nurick LLC
100 Pine Street
P.O. Box 1166
Harrisburg, PA  17108-1166
(717) 232-8000
(717) 237-5300 (fax)
rhadrick@mcneeslaw.com

Eamonn Hart (*pro hac vice* application pending
David W. Bertoni (*pro hac vice* application pending)
David Swetnam-Burland (*pro hac vice* application pending)
Eamonn Hart
ehart@brannlaw.com
BRANN & ISAACSON
184 Main Street
P.O. Box 3070
Lewiston, ME  04243-3070
Tel. (207) 786-3566

*Attorney for Defendant NaviStone, Inc.*

/s/ Emily B. Thomas
Emily B. Thomas (P.A. 203454)
Baker & Hostetler LLP
2929 Arch Street Cira Centre, 12th Floor
Philadelphia, PA 19104-2891
Tel. (215) 568-3100
ethomas@bakerlaw.com

Paul G. Karlsgodt (*Pro hac vice to be filed*)
Baker & Hostetler LLP
1801 California Street, Suite 4400
Denver, Colorado 80202
Tel. (303) 861-0600
pkarlsgodt@bakerlaw.com

Carrie Dettmer Slye (*Pro hac vice to be filed*)
Baker & Hostetler LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202-4074
Tel. (513) 929-3400
cdettmerslye@bakerlaw.com

*Attorneys for Harriet Carter Gifts, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on April 18, 2019, I electronically filed the foregoing Notice of Removal, and mailed a copy via certified mail to the Plaintiff's counsel:

>Gary F, Lynch
>Kelly K. Iverson
>Jamisen A. Etzel
>1133 Penn Avenue, 5th Floor
>Pittsburgh, PA 15222

>/s/ Rachel R. Hadrick
>Rachel R. Hadrick